THE PEOPLE OF THE STATE OF NEW YORK ex rel. AMOS KNAPP, Commissioner of Highways of the Town of Mayfield, Relator, v. J. KECK, as County Judge of the County of Fulton, and Another, Respondents.

*Highways — who may petition for a highway to be located partly in his own town and partly in another.*

Under the provisions of section 96 of chapter 568 of the Laws of 1890, a person liable to be assessed for highway labor in one town may initiate proceedings to lay out a highway which is located partly in his own town and partly in another town; and where he has complied with all the statutory requirements, and the towns are in the same county, the County Court is authorized to appoint commissioners in the matter.

CERTIORARI issued out of the Supreme Court, and attested on the 26th day of December, 1893, directed to J. Keck, county judge of the county of Fulton, and John D. Wendell, county judge of the county of Montgomery, and acting county judge of the county of Fulton, commanding them to certify and return to the office of the clerk of the county of Fulton all and singular their proceedings, decisions and actions in the premises, with the date thereof, and all and singular the evidence, documents, papers, objections or orders which were submitted to them in regard to the proceedings to lay out a highway partly in the town of Perth, and partly in the town of Mayfield, in Fulton county, together with the rulings and decisions made by them, to the end that said decisions and orders may be reviewed and corrected by the court.

*R. P. Anibal*, for the relator.

*Clarence W. Smith*, for the respondents.

HERRICK, J.:

This is a proceeding to review by certiorari an order made by the County Court of Fulton county, confirming the report of the commissioners appointed by said court, who proceeded to lay out a highway partly in the town of Perth, and partly in the town of Mayfield, in Fulton county.

On the 23d day of June, 1892, one Vosburgh presented a petition to the County Court of Fulton county, in which he alleged that he was a person liable for highway labor in the town of Perth, in the county of Fulton, and that on the twenty-fifth day of May preceding he presented an application in writing to the commissioners of highways of the town of Perth and of the town of Mayfield, a copy of which application was attached to the petition; and further alleged that the relief prayed for in such application to the commissioners of highways had not been granted; that such application was made in good faith, and asked the court to appoint three commissioners to determine upon the necessity of such proposed highway, and assess the damages by reason of the laying out of such highway.

The copy application attached to such petition sets forth that the petitioner is an inhabitant of, and liable to be assessed for highway

labor in the town of Perth, in the county of Fulton, and makes application for the laying out of a highway in said towns of Perth and Mayfield. Such application described the location of such proposed highway, the direction in which it should run, through whose property it would go, until it intersected another highway, and described the point of intersection with such highway. The application is addressed to the commissioners of highways of the towns of Perth and Mayfield, in the county of Fulton.

The court thereupon made an order appointing three persons, all of the town of Johnstown, Fulton county, as commissioners "to examine said route and proposed highway, hear any reasons that may be offered for or against the laying out of said highway, and assess all damaged by reason thereof." The commissioners so appointed proceeded under such order to lay out the highway and assess damages, and their report was confirmed by the County Court.

The highway commissioners of the town of Mayfield objected to the proceedings upon the ground that the proceedings are not authorized by statute, and that no notice of the application for the appointment of commissioners was given to the commissioners of highways; that the petitioner for the laying out of such highway is not a resident or taxpayer in the town of Mayfield, or liable for highway labor in said town, and, therefore, had no authority to institute proceedings to lay out a highway in the town of Mayfield. The proceedings of the commissioners themselves in laying out the highway, and their assessment of damages, do not appear to be questioned.

The principal question argued before us was as to whether a person liable to be assessed for highway labor in one town could initiate proceedings to lay out a highway which was partly in two or more towns.

The proceedings in question were taken under chapter 568 of the Laws of 1890. Section 82 of said act provides that any person or corporation assessable for highway labor may make a written application to the commissioners of highways of the town in which they or it shall reside, or be assessable, to lay out a new highway.

Section 83 provides that whenever the land is not dedicated to the town for highway purposes the applicant shall, within thirty

days after presenting the application to the commissioners of highways, by verified petition, showing the applicant's right to so present the same and that such application has been in good faith presented, apply to the County Court of the county where such highway shall be for the appointment of three commissioners to determine upon the necessity of such highway proposed to be laid out, and to assess the damages by reason of the laying out of such highway.

Section 84 provides that upon the presentation of such petition the County Court shall appoint three disinterested freeholders, who shall be residents of the county but not of the town wherein the highway is located, to determine the question mentioned in section 83.

Section 96 provides that when application is made to lay out a highway located in two or more towns, all notices of proceedings required to be served upon the commissioners of highways shall be served upon the commissioners of highways of each town.

The proceeding here is obviously under section 96, which provides for laying out a highway which is partly in one town and partly in another.

The only notice of proceeding required to be served upon the commissioners is the application to lay out the highway; that application the petitioner served upon the commissioners of each town.

The statute no where requires the petitioner to serve notice of his application to the County Court for the appointment of commissioners, upon the highway commissioner of the town or towns.

The petitioner having complied with all the requirements of the statute, the County Court was authorized to appoint the commissioners.

The writ of certiorari should, therefore, be quashed and the order of the County Court confirmed, with fifty dollars costs and disbursements.

Mayham, P. J., and Putnam, J., concurred.

Writ of certiorari quashed and order of County Court affirmed, with fifty dollars costs and disbursements.